UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17-cr-00072-JAW |
| | ) | |
| DAVID L. COOK | ) | |

**ORDER ON MOTIONS FOR RECORDS**

The Defendant seeks an order requiring the Probation Office to turn over to him in unredacted format certain mental health and medical treatment records that were created by the Bureau of Prisons while the Defendant was incarcerated there. The Court preliminarily orders the Probation Office to turn over to the Defendant a set of Bureau of Prisons treatment records that are redacted to remove the names of any minors and of any personal identifying information for individuals other than the Defendant. The Court defers ruling on whether the Defendant has the right to an unredacted copy of the records and on whether the Government is entitled to receive a copy of those records.

**I.  BACKGROUND**

    **A.  Procedural History**

On May 17, 2017, a federal grand jury indicted David L. Cook for accessing child pornography with an intent to view, an alleged violation of 18 U.S.C. § 2252A(a)(5)(B). *Indictment* (ECF No. 2). On June 21, 2017, Mr. Cook moved for an order to view and copy files held by the United States Probation Office. *Mot. for Order to View and Copy Files of United States Probation and Parole* (EFC No. 24) (*Def.'s*

*Mot.*). On June 30, 2017, the Government responded. *Gov't's Resp. to Mot. for Order to View and Copy Files of United States Probation and Parole* (ECF No. 28) (*Gov't's Resp.*). On July 19, 2017, Mr. Cook replied. *Def.'s Reply to Gov't's Resp. to Mot. for Order to View and Copy Files of the United States Probation and Parole* (ECF No. 30) (*Def.'s Reply*). In the Government's response, it requested that the Court order that the records be redacted to remove the names of any minors and personal data identifiers for persons other than Mr. Cook. *Gov't's Resp.* at 3. This request was characterized as a motion for redacted records. *Gov't's Mot. for Redacted Records* (ECF No. 29).

## II. THE PARTIES' POSITIONS

### A. David L. Cook's Motion

In his motion, Mr. Cook states that during a detention hearing on May 31, 2017, it came to light that the United States Bureau of Prisons (BOP) had treatment records of Mr. Cook and had sent his entire file for review to the United States Probation Office (PO). *Def.'s Mot.* at 1. Mr. Cook acknowledges that during his prior incarceration, he had received medical and mental health treatment and counseling. *Id.* While not waiving any "privileges and immunities that are unique to mental health and medical treatment to the degree that they exist while a prisoner in the [BOP]," Mr. Cook "seeks to view the file and have the [PO] release to the defendant all of the medical and mental health records in their file." *Id.* In addition, Mr. Cook seeks to "review and have the [PO] disclose all evidence that may be used to a determination of detention or conditions of release, or during a trial or as part of the

2

sentencing determination in this case." *Id.* at 2. In the alternative, Mr. Cook requests "a complete copy of the [PO's] file or to view the entire file." *Id.* Mr. Cook's motion requests ex parte review by defense counsel without further disclosure to the Government of his "sensitive and personal records without just cause." *Id.*

B.   **The Government's Response and Motion**

In its response, the Government indicated that it had no objection to Mr. Cook's request for the BOP mental health and medical treatment records, but it requested that the PO "redact those records prior to production to remove any names of minors and personal identifiers for persons other than defendant." *Gov't's Resp.* at 1. The Government represented that it had "consulted with the [PO] and that office's position is that the defendant has not provided a sufficient basis to support the disclosure of the entire file in the possession of the [PO]." *Id.* The Government indicated that it agreed with the PO's position. *Id.* It explained that Mr. Cook has failed to demonstrate that the records are material. *Id.* at 2. Furthermore, the Government objected to Mr. Cook's request that the records be released only to the Defendant. *Id.* at 1-3.

C.   **David L. Cook's Reply**

First, Mr. Cook accuses the Government of misstating his request, arguing that he is not requesting "the entire file." *Def.'s Reply* at 1. Mr. Cook clarifies that he is only seeking the mental health and medical treatment records and any records that "may be used during a determination of detention or conditions of release, or during a trial or as part of the sentencing determination in this case." *Id.* at 1-2

3

(quoting *Def.'s Mot.* ¶ 5). He observes that if the Government may use the records at a trial or hearing, then by definition the records must be material. *Id.* at 3.

Next, Mr. Cook reiterates his demand that the records not be made available to the Government. *Id.* at 3-4. He disputes the applicability of *United States v. Loughner*, 782 F. Supp. 2d 829, 833 (D. Ariz. 2011), saying that because the records concern sex offender treatment, the records are more like the records in *Jaffee v. Redmond*, 518 U.S. 1 (1996). *Id.* at 3-4.

## III. DISCUSSION

In order to issue a preliminary order in this case, it is not necessary for the Court to resolve some of the disputes between the parties. This is because, both the Government and Mr. Cook agree that Mr. Cook is entitled to a copy of his BOP treatment records redacted to protect the names of any minors or the personal identifying information of anyone other than Mr. Cook himself. Based on an agreement between the parties on this issue, the Court orders the PO to reveal those redacted records to Mr. Cook.

Once the redacted records have been revealed, Mr. Cook shall inform the Court whether he is pressing for an unredacted set of records and he shall further inform the Court whether he is objecting to the Government being provided a copy of those records. On this point, the Court points out that part of Mr. Cook's position is inherently contradictory. He insists that he is only looking for PO records to the extent the Government intends to seek to admit them as evidence at a hearing, at trial or at sentencing. However, if the Government does not have the records, it is a

mystery how it is going to seek to admit them. Furthermore, if the Government does not have the records and cannot therefore introduce them, it is difficult to see how the records are material. The Court expresses no view as yet on the next issue, whether the sex offender nature of the records creates a different standard for release to the Government.

IV. **CONCLUSION**

The Court GRANTS in part and DEFERS in part the Defendant's Motion for Order to View and Copy Files of United States Probation and Parole (EFC No. 24). Within seven days of the date of this Order, the United States Probation Office for the District of Maine shall release to counsel for the Defendant copies of the mental health and medical treatment records in its possession reflecting treatment the Defendant received while he was incarcerated at the United States Bureau of Prisons. However, the United States Probation Office shall redact those records to block out any references to the names of individual minors, if any, and the personal identifying information of any individuals other than Defendant.

Within seven days of the receipt of the redacted records, the Defendant shall inform the Court whether he objects to the redacted nature of the records and whether he objects to the release of the redacted records to the Government. If so, the Court will hold a conference of counsel to discuss the next steps. If not, the Court will dismiss the remainder of the motion without prejudice. Similarly, the Court DEFERS ruling on the Government's Motion for Redacted Records (ECF No. 29).

SO ORDERED.

                                <u>/s/ John A. Woodcock, Jr.</u>
                                JOHN A. WOODCOCK, JR.
                                UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2017